UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:11-CV-00066-JHM

JAMES PHILLIPS                                                                                PLAINTIFF

V.

CHARLES MCCOLLOM III, et. al.                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Charles McCollom III, to dismiss [DN 45] and on a motion by Plaintiff, James Phillips, to correct the record [DN 55]. Fully briefed, these matters are ripe for decision.

I. BACKGROUND

On September 10, 2005, the City of Henderson enacted Ordinance No. 17-05 (the "Ordinance"). (See Compl. Ex. 1, Ordinance No. 17-05, Sec. 21-31(a).) The Ordinance assesses a 1% occupational license tax on the net profits of "every person or business entity engaged in any business, trade, occupation, or profession" operating within the city limits. (Id., Sec. 21-33(A).) Under the Ordinance, all business entities and employers that are required to obtain an occupational license from the city must file a city Occupational License Return by "April 15 of each year, except returns made on the basis of a fiscal year, which shall be made by the fifteenth day of the fourth month following the close of the fiscal year." (Id., Sec. 21-37(A).) Furthermore, anyone who willfully fails to make a return with the intent to evade payment of the tax is guilty of a Class A misdemeanor. (Id., Sec. 21-46(F).) The Ordinance took effect on January 1, 2006. (Id., Sec. 21-48.)

Sec. 21-42 of the Ordinance charges the Finance Department with the enforcement of the

provisions of the Ordinance.  (Id., Sec. 21-42.)  Furthermore, the Finance Department "is empowered to prescribe, adopt, promulgate, and enforce rules and regulations relating to any matter or thing pertaining to the administration and enforcement" of the Ordinance's provisions.  (Id.) The Ordinance requires the Mayor to appoint a Board of Occupational License Appeals consisting of the Director of Finance, the City Manager, and two citizens of the city.  (Id., Sec. 21-43.)  The Board of Appeals is empowered to hear appeals from licensees and to render decisions on questions of interpretation of the Ordinance, questions of allocation of payroll and net profits, on proceedings of delinquent tax collections, and on the waiver of penalties assessed.  (Id.)  However, the Board of Appeals was not established as required by Sec. 21-43.  (Compl., Count I ¶ 14.)

Following the enactment of the Ordinance, Plaintiff James Phillips, a C.P.A. in Henderson, "took an active interest" in the Ordinance and its applicability to tax year 2005.  (Id. at ¶ 7.)  Plaintiff had a number of concerns regarding the implementation of the Ordinance.  For instance, he was concerned about the use of 2005 as a taxable year for determining a person's 2006 occupational tax since the Ordinance "is totally devoid of any language concerning retroactivity of the ordinance as to tax year 2005."  (Id. at ¶ 8.)  Plaintiff believed that because the Ordinance took effect on January 1, 2006, that his first return for an occupational tax under the new Ordinance would not be due until April 15, 2007, at the conclusion of the first full taxable year following the Ordinance's enactment. (See Compl. Ex. 7, Phillips v. Commonwealth, 324 S.W.3d 741, 744-45 (Ky. Ct. App. 2010)).

Plaintiff was also concerned with the City of Henderson's decision to treat taxpayers differently regarding the necessity of filing a 2006 return.  The Finance Department determined that in 2006, the Ordinance's first year of implementation, calendar year-end filers whose taxable year ended in December would be required to file a return by April 15, 2006, but that fiscal year-end

2

filers whose taxable year ended in any month other than December would not be required to file a return until 2007. (Compl. Count I ¶ 8.) This was done so that fiscal year-end filers would not be doubly taxed for their 2006 occupational license tax. (See Compl. Ex. 5, Trial Testimony of Margaret Keaton 45.) Plaintiff, a calendar year-end filer, complained that because of this policy, and the manner in which he was taxed under the previous occupational tax ordinance, he would be doubly taxed for the months of January-April 2006 under the new Ordinance. (Compl. Count I ¶11.) Plaintiff was also concerned that the Board of Appeals had never been established as required by the Ordinance. (Id. at ¶ 14.)

In an effort to have these issues addressed, Plaintiff attended a two-hour private meeting with the City Attorney and two members of the City's Finance Department. (See Compl. Ex. 4, Letter from City of Henderson 1). Plaintiff also wrote at least three letters to the Mayor and City Commissioners, (See Compl., Ex. 3 Letters), and attended two public City Commission meetings where he voiced his concerns. (See Compl. Count I ¶ 11). On June 27, 2006, the City Manager, City Attorney, and City Finance Director issued a letter to Plaintiff addressing the retroactivity of the Ordinance as well as a concern regarding the taxation of businesses that have ceased operations. (Compl. Ex. 4, Letter from City of Henderson). Notwithstanding the questions raised by Plaintiff in multiple venues, Plaintiff believed that many of his concerns had not been addressed to his satisfaction and he did not file a return as required by the Ordinance in 2006.

In approximately January 2007, the County Prosecuting Attorney, Defendant Charles McCollom III, contacted Plaintiff to advise him that he was facing a potential misdemeanor charge for his failure to file a return as required by the Ordinance. (Compl. Ex. 5, Letter to McCollom.) Defendant McCollom advised Plaintiff that if he simply filed a return that the misdemeanor charge

3

would not be filed. (Id.) Rather than file a return, Plaintiff sent a letter back to Defendant McCollom highlighting several issues that still concerned him regarding the operation of the Ordinance in 2006. (Id.) Thereafter, on March 13, 2007, Defendant Margaret Keaton swore out an affidavit in support of a criminal complaint against Plaintiff for failure to file a return as required by Sec. 21-37 of the Ordinance. (See Compl., Ex. 6, Criminal Complaint.)

Plaintiff was tried before a jury on May 9, 2008. The jury found Plaintiff "guilty of willfully failing to file the return with the intent to evade payment of the occupational license tax." (See Compl., Ex. 7 Phillips, 324 S.W.3d at 743.) The jury recommended a sentence of 120 days in jail and a $500.00 fine. (Id.) The district court suspended the jail sentence but imposed the recommended fine and court costs. (Id.) Plaintiff appealed his conviction to the Henderson Circuit Court, which affirmed the conviction. Id. Thereafter, the Kentucky Court of Appeals took up Plaintiff's appeal on discretionary review. (Id. at 742.)

The Kentucky Court of Appeals found that the Ordinance was unconstitutional, as applied to Plaintiff, because the failure to establish the Board of Appeals denied him procedural due process. (Id.) The court also found that the Commonwealth had failed to prove that Plaintiff had the requisite intent to evade the tax necessary for a conviction. (Id. at 746.) However, the court ruled that the City's decision to implement the 2006 tax based on Plaintiff's 2005 income was permissible under the law. (Id. at 745.)

Following the reversal of his conviction, Plaintiff filed the instant suit alleging claims under 42 U.S.C. § 1983 and § 1985, as well as a litany of state law tort claims. Plaintiff named as Defendants the City of Henderson as well as the following people in their official and individual capacities: the County Attorney, Charles McCollom III; the City Attorney, Joe Ternes, Jr.; two

4

occupational license representatives, Margaret Keaton and Charles Abbot; the Assistant Finance Director, Paul Titzer; the Finance Director, Robert Gunter; the City Manager, Russell Sights; the members of the City Commission, Robert Mills, James White, and William Farmer; the Mayor of Henderson, Thomas Davis; and a John Doe known by the blogger name Pinehurst II.

The City Defendants (all Defendants but Charles McCollom and John Doe/Pinehurst II) moved to dismiss the Complaint and Amended Complaint. By Memorandum Opinion and Order entered February 9, 2012, the Court granted the motion to dismiss as to Plaintiff's 42 U.S.C. § 1983 claims based upon a procedural due process violation and a substantive due process violation; as to his civil conspiracy claims under 42 U.S.C. § 1983 and § 1985(3); as to his state law claims against the City Defendants in their official capacities, and as to the state law excessive execution, false arrest, and defamation claims against the City Defendants in their individual capacities. The Court denied the motion to dismiss as to Plaintiff's 42 U.S.C. § 1983 claim based upon an equal protection violation and as to the remaining state law claims against the City Defendants in their individual capacities.

Defendant McCollom now moves to dismiss the Complaint arguing that Plaintiff's § 1983 and § 1985 claims are barred by prosecutorial absolute immunity, that Plaintiff's official capacity claims are barred by Eleventh Amendment sovereign immunity, that all Plaintiff's claims are barred by the statute of limitations, and that Plaintiff's state law claims are barred by absolute or qualified immunity. The Court shall address the Defendant's arguments in turn.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiffs, accept all well-pled

5

factual allegations as true," League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), and determine whether the "complaint states a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct. . . ." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

#### A. § 1983 and § 1985 Individual Capacity Claims

"A prosecutor enjoys absolute immunity from § 1983 liability when he acts as an advocate for the government by engaging in activities 'intimately associated with the judicial phase of the criminal process.'" Rose v. Hulbert, 2012 WL 3096664, *2 (W.D. Ky. July 30, 2012)(quoting Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)); see also Pusey v. City of Youngstown, 11 F.3d 652, 658 (6th Cir.1993). To determine when a prosecutor is acting within the scope of his prosecutorial duties, the Court employs a "functional approach." Burns v. Reed, 500 U.S. 478, 486 (1991). "[T]he critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." Ireland v. Tunis, 113 F.3d 1435, 1443 (6th Cir.1997) (citing Pusey, 11 F.3d at 658). Describing the conduct

6

protected by immunity, the Supreme Court in Imbler opined that advocatory conduct includes "initiating a prosecution" and "presenting the State's case." Imbler, 424 U.S. at 431.

The majority of the actions of County Attorney Charles McCollom alleged in the Complaint and Amended Complaint relate to his role as an advocate. Plaintiff alleges that McCollom prosecuted Plaintiff for an alleged violation Henderson County Ordinance No. 17-05 "without reasonably investigating the basis for the prosecution and/or investigating as to whether there had been due process accorded to the [Plaintiff], both under the ordinance, and as a matter of law" in violation of 42 U.S.C. § 1983 and § 1985. (Complaint ¶¶ 19.) Plaintiff further alleges that despite Plaintiff advising McCollom in a telephone conversation that he did not owe taxes for 2005, McCollom elected to prosecute the Plaintiff while not charging others who were similarly situated. McCollom's decision to file criminal charges against Plaintiff is clearly within his scope of his prosecutorial duties. See Ireland v. Tunis, 113 F.3d at 1446 ("A prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity."); Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutors found to be immune from claims alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury); Weathers v. Anderson, 2012 WL 3313805, *2 (W.D. Ky. Aug. 13, 2012).

Furthermore, while Plaintiff complains of McCollom's "investigatory" phone call to him prior to January 11, 2007, the Plaintiff fails to plead or show how this phone call violated any constitutional right. Additionally, a review of the letter sent by Plaintiff in response to this phone call reflects that McCollom called Plaintiff in an attempt to resolve the conflict between the

Occupational License Division of the City of Henderson and Phillips and to prevent Phillips from being charged. (January 11, 2007, Phillips Letter.)("Thank you for calling and attempting to keep me from being charged with a misdemeanor relating to City of Henderson's Occupational tax for 2005 because of a complaint Mr. Joe Ternes has made against me." Id. at 1.) Thus, even if the phone call somehow violated Plaintiff's constitutional rights, McCollom's communication with Phillips was conducted in his role as an advocate and within the scope of his prosecutorial duties.

Finally, in as much as Plaintiff claims that McCollom inappropriately testified as a fact witness during Plaintiff's criminal trial in the Henderson District Court, "[i]t is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." Spurlock v. Satterfield, 167 F.3d 995, 1001 (6th Cir. 1999) (citing Briscoe v. LaHue, 460 U.S. 325, 330–31 (1983)). See also Moldowan v. City of Warren, 578 F.3d 351, 390 (6th Cir. 2009); Adams v. Hargrove, 2010 WL 2651290, *3 (W.D. Ky. June 30, 2010). Because Plaintiff's claim is based on McCollom's trial testimony, McCollom is entitled to absolute immunity.

Therefore, Plaintiff's § 1983 and § 1985 claims against McCollom are barred by absolute immunity, and McCollom's motion to dismiss these claims is granted.

**B. Official Capacity Claims**

Plaintiff also sues McCollom in his official capacity. Any official capacity claim against a county prosecuting attorney in Kentucky is barred by the Eleventh Amendment and is not cognizable under § 1983. Wilson v. Taylor County, 2012 WL 1410026, *3 (W.D. Ky. April 23, 2012)(citing Pusey, 11 F.3d 652, 657–58 (6th Cir.1993) (holding that a municipal prosecutor acts as an arm of the state in prosecuting or declining to prosecute state criminal offenses); Weathers v. Anderson, 2012 WL 1593136, *2 (W.D. Ky. May 4, 2012); Rogers v. Hill, 2005 WL 1287415, *2

(W.D. Ky. May 31, 2005) ("KRS 15.700 establishes a unified prosecutorial system for the Commonwealth. KRS 15.725(2) requires a County Attorney to prosecute criminal violations in state court."); Holder v. Robbins, 2006 WL 751238, *4 (E.D. Ky. March 21, 2006); Boone v. Kentucky, 72 Fed. Appx. 306, 307 (6th Cir. 2003). Similarly, any state law claims against McCollom in his official capacity are likewise barred by the Eleventh Amendment. See, e.g., VIBO Corp., Inc. v. Conway, 669 F.3d 675, 691 (6th Cir. 2012); Akers v. County of Bell, 2012 WL 3518561, *6 (6th Cir. Aug. 13, 2012). Thus, Plaintiff's claims against McCollom in his official capacity are dismissed as well.

### C. State Law Claims

Plaintiff has alleged that "[t]he conduct of the [sic] all of the Defendants toward the Plaintiff constitutes the torts of excessive execution, false arrest, defamation, libel and slander, outrage, negligent infliction of emotional distress, intentional infliction of emotional distress," malicious prosecution and tortiously and intentionally interfering with Plaintiff's employment and business opportunities. (See Compl. ¶¶ 51-54.) Defendant McCollom seeks to dismiss all state law claims against him based on the duration of absolute and qualified immunity.

Similar to federal law, Kentucky law recognizes absolute immunity for prosecutors acting within the scope of the duties of his or her office. McCollum v. Garrett, 880 S.W.2d 530, 535 (Ky. 1994); Jefferson County Com. Attorney's Office v. Kaplan, 65 S.W.3d 916 (Ky. 2001). See also Howell v. Sanders, 668 F.3d 344, 355 (6th Cir. 2012)("Kentucky also uses function as the dividing line, providing absolute immunity for a prosecutor's actions taken as an advocate and only qualified immunity for those taken as an investigator."). Further, Kentucky law recognizes that the testimony of witnesses at a criminal trial is "shielded by absolute testimonial immunity." Smith v. Wolfe, 2011

9

WL 3370341, *2 (Ky. Ct. App. Aug. 5, 2011); see also Stone v. Glass, 35 S.W.3d 827, 828-829 (Ky. Ct. App. 2000).  The factual allegations set forth in the Complaint for both Plaintiff's federal and state claims are the same.  Accordingly, for the reasons set forth above, McCollom is entitled to absolute immunity on Plaintiff's state-law claims.

### IV.  MOTION TO CORRECT RECORD

Plaintiff moves the Court to enter an Order reflecting that counsel for Plaintiff raised an objection at Plaintiff's state criminal trial regarding Defendant McCollom's testimony.  Whether or not the record in state court reflects an objection by counsel to Defendant McCollom's testimony is of no consequence to the resolution of the motion to dismiss.  For this reason, the motion by Plaintiff to correct the record is denied as moot.

### V.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Charles McCollom III, to dismiss all claims asserted by Plaintiff against McCollom in his individual and official capacities [DN 45] is **GRANTED**.  **IT IS FURTHER ORDERED** that the motion by Plaintiff, James Phillips, to correct the record [DN 55] is **DENIED AS MOOT**.

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

September 7, 2012